

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2006

# In Re Richardson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5087

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re Richardson " (2006). *2006 Decisions*. Paper 866.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/866

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5087

———————

IN RE:  RICHARDSON INDUSTRIAL CONTRACTORS, INC.,
Debtor

HARRY A. RICHARDSON,
Appellant

v.

TREACY, SHAFFEL, MOORE & MUELLER; JOSEPH AMBROSIO;
THOMAS BUCK; DEANNE ARNONE; SALVATORE ARNONE; LARRY
BLUMENSTYK; EUGENE R. BOFFA, JR.; ROBERT KESSLER, Deceased;
STATE OF NEW JERSEY; UNITED STATES OF AMERICA, Internal
Revenue Service

———————

Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-02803)
District Judge: Honorable Garrett E. Brown, Jr.

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
June 1, 2006

Before:  RENDELL, AMBRO and ROTH, Circuit Judges.

(Filed:  June 20, 2006)

———————

OPINION OF THE COURT

———————

PER CURIAM

This appeal represents one of several cases arising from disputes over a Federal Bureau of Prisons construction contract on the New York Metropolitan Detention Center (MDC). Appellant Harry Richardson appeals from the District Court's order granting Salvatore and Deanne Arnone's cross-motion to dismiss the appeal from the Bankruptcy Court for the District of New Jersey and the order denying Richardson's motion to reconsider. For the reasons that follow we will affirm.

I.

After more than a decade of litigation, the parties are now quite familiar with the facts and, thus, we only briefly recite them here. In 2003, Richardson Industrial Contractors, Inc. (RICI), commenced a bankruptcy action in which Richardson, as RICI's principal shareholder, joined as a creditor. See In re Richardson Indus. Contractors, Inc., No. 03-26318 (Bankr. D.N.J.). Several of RICI's creditors also filed suit in the New Jersey Superior Court seeking a determination as to the extent of the liens each held against RICI. See Robert Kessler, et al. v. Richardson Indus. Contractors, Inc., No. L-3759-02 (N.J. Super. Ct.). Due to this filing, the Bankruptcy Court issued an abstention order permitting the parties to return to state court to adjudicate the extent of each party's interest. On October 27, 2003, the Bankruptcy Court amended its abstention order retaining jurisdiction to determine the priority of any liens or interests held by the creditors. See In re Richardson Indus. Contractors, Inc., No. 03-26318, Order (Bankr. D.N.J. Oct. 27, 2003).

2

On April 28, 2004, the Trustee filed an adversary action in the Bankruptcy Court seeking "to determine the extent, validity and priority of liens and interest, to subordinate liens and other related relief." In re Richardson Indus. Contractors, Inc., No. 04-01677, Trustee's Compl. ¶ 1 (Bankr. N.J. Apr. 28, 2004). Richardson was not among the named parties. On May 24, 2004, the proceedings were consolidated with another adversary proceeding filed by Treacy, Shaffel, Moore and Mueller (TSMM), which also sought to determine the extent and priority of its liens.

After holding a hearing, the Bankruptcy Court ruled that TSMM had no attorney's lien interest in RICI's assets under New York Law. It also found that the Arnones had two perfected secured interests in RICI's assets which held priority to the other creditors party to the suit. See id. Orders (Jan. 25, 2005). New Jersey and TSMM filed a motion to reconsider, which was denied. Both TSMM and New Jersey claimed that they continued to hold secured interests superior to those held by the Arnones and Larry Blumenstyk, another creditor. On April 13, 2005, the Bankruptcy Court approved a consent order requiring the Superior Court to proceed on the Arnones' motion to turn over all funds except $150,000, reserving the parties the right to file claims under 11 U.S.C. § 506(c) within a specified time. Richardson filed a notice of appeal contesting the consent order. The adversary proceeding is still pending in the Bankruptcy Court.

The District Court held that Richardson lacked standing to appeal the Bankruptcy Court's order. Richardson filed a motion for reconsideration, which the District Court

3

denied. We agree with the District Court's determination.[1]

## II.

Although the current Bankruptcy Code does not contain a provision for appellate standing, we have recognized that standing continues to be a prerequisite to proceeding on appeal. See In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993). Standing to appeal is limited to "persons aggrieved" by an order of the Bankruptcy Court. Individuals are "'persons aggrieved' if the order diminishes their property, increases their burdens, or impairs their rights." Id. This standard is more restrictive than typical Article III standing requirements, and we require the appealing party to be "directly affected" by the order, not merely "'exposed to some potential harm incident to the bankruptcy court's order.'" In re Combustion Eng'g, Inc., 391 F.3d 190, 215 (3d Cir. 2004). The finding of whether a party is a person aggrieved is a factual issue to be determined by the District Court. See In re Dykes, 10 F.3d at 188. Thus we review the determination for clear error.

We first note that Richardson was not even party to the adversary proceedings. Second, and more importantly, it is uncontested that Blumenstyk retains a security interest "in all rights, title, and interest in the proceeds of any claims by RICI arising from" the MDC project. See Kessler v. Richardson Indus. Contractors, Inc., No. L-3759-

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Richardson appeals from both the District Court's order adopting the proposed consent order and his motion to reconsider. Since both appeals relate to the same underlying issue, we address both in a single analysis.

4

02, Judgment (N.J. Super. Ct. Oct. 6, 2003). The proceedings and consent order at issue in this appeal reflect a dispute amongst creditors asserting that they possess secured perfected interests that take priority over the Arnones' notes and Blumenstyk's liens. Even if TSMM and the State of New Jersey succeed in their efforts, and even if the Bankruptcy Court found that TSMM possesses an attorney's lien under New York law, Richardson would not be in any better position. He admits he possesses an unsecured interest and, thus, no matter what priority the Bankruptcy Court assigns to the Arnones, TSMM, and New Jersey, Blumenstyk and his assigns will be entitled to recover any remaining proceeds before Richardson.

Richardson argues that the District Court failed to account for the fact that the New Jersey Superior Court order in favor of the Arnones is currently under appellate review. We fail to see how this alters the above determination. Richardson does not state that the Blumenstyk ruling is also contested, or that he has some retained interest which receives priority over Blumenstyk's. Even if the Blumenstyk ruling is contested, we do not believe that the potential alteration of the state court's ruling on appeal, without more, is sufficient to establish a direct injury for the purposes of appellate standing in this case. See In re Combustion Eng'g, Inc., 391 F.3d at 214.

Accordingly, the District Court finding that Richardson is not a person aggrieved is not clearly erroneous. We will affirm the District Court's orders dismissing the appeal. Richardson's motion for oral argument is denied.

5